UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KHADIJA DUMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-1307 (ABJ) |
| | ) |
| JPMORGAN CHASE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION**

In this civil action filed *pro se*, plaintiff sues JPMorgan Chase Bank, N.A. (hereinafter referred to as "Chase")[1] to quiet title on her property located in the southeast quadrant of the District of Columbia. Am. Compl. [Doc. # 17] at 1. She alleges that Chase initiated an "illegal foreclosure action against said property resulting in the plaintiff being forced into bankruptcy . . . ." *Id*.

Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Defendant also asserts that this action is barred by the doctrine of *res judicata* since plaintiff has already unsuccessfully challenged the basis of the foreclosure in bankruptcy court. Upon consideration of the parties' submissions, the Court agrees that the complaint is barred by the doctrine that prohibits the successive litigation of the same claims, and therefore, it will grant defendant's motion to dismiss under Rule 12(b)(6).[2]

---

[1]  JPMorgan Chase Bank is a wholly owned subsidiary of JPMorgan Chase, "a financial holding company, with several subsidiaries." *Dow Chemical Co. v. Reinhard*, No. 07-12012-BC, 2008 WL 495501, at *2 (E.D. Mich. Feb. 20, 2008).

[2]  *See Smalls v. U.S*., 471 F.3d 186, 189 (D.C. Cir. 2006) ("[T]he defense of *res judicata*, or claim preclusion, while having a 'somewhat jurisdictional character' . . . does not affect the

## I.   BACKGROUND

On July 8, 2010, plaintiff filed an action against Chase in the Superior Court of the District of Columbia, which defendant removed to this court based on diversity jurisdiction. *See* Mem. Op. and Order (Mar. 21, 2011) [Doc. # 16] (granting plaintiff's motion for leave to amend the pleadings, denying her motion to remand the complaint to Superior Court, and denying defendant's motion to dismiss); Notice of Removal [Doc. # 1]. In the amended complaint, plaintiff alleges that Chase's foreclosure action was illegal because "pursuant to D.C. Code, Chase did not have standing to bring a foreclosure action against my property in the District of Columbia, and the [United States Office of the Comptroller of the Currency] notified me that Chase did not have the requisite documentation to support its claims . . . ." Am. Compl. at 1-2. Therefore, plaintiff seeks to quiet title on the property and $40,000 in damages.

According to the court records supplied by Chase in support of the instant motion to dismiss, plaintiff filed for Chapter 13 bankruptcy on June 3, 2008, and voluntarily converted the case to a Chapter 7 filing on July 7, 2008. *See* Def.'s Mot. [Doc. # 19], Ex. 1 (Docket, U.S. Bankruptcy Court for the District of Columbia, Bankruptcy Petition # 08-00379).[3] On July 23, 2008, U.S. Bank National Association, as trustee, c/o Chase Home Finance, LLC, as servicing agent, filed a Proof of Claim for $497,900.05, secured by plaintiff's property, which it amended on August 15, 2008, to $503,337.47. *Id.*, Exs. 2, 3. On the date of the amended claim, Chase moved in the bankruptcy court for relief from the automatic stay, *see* 11 U.S.C. § 362, as to the

---

subject matter jurisdiction of the district court.") (quoting *SBC Commc'ns Inc. v. FCC*, 407 F.3d 1223, 1229-30 (D.C. Cir. 2005)) (citing cases).

[3] In ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider "any documents either attached to or incorporated in the complaint and matters of which the court may take judicial notice[,] [*e.g.*,] matters of a general public nature, such as court records, without converting the motion to dismiss into one for summary judgment." *Baker v. Henderson*, 150 F. Supp.2d 13, 15 (D.D.C. 2001) (citations omitted).

subject property. *Id*. Ex. 4.  On August 26, 2008, plaintiff filed her opposition to Chase's motion, asserting, *inter alia*, that "[t]he last entry regarding a secured creditor/lienholder with a documented and timely registered interest at the DC Recorder of Deeds . . . is a Certificate of Satisfaction from Fremont Bank," that "JP Morgan Chase . . . misrepresented instruments from the DC Recorder of Deeds as proof that it holds a secured interest in my property," and that "[i]f JP Morgan Chase was assigned a secured lien . . . from Fremont Bank it should have been timely registered in the DC Recorder of Deeds office; no such registration took place."  *Id*., Ex. 5 (Opposition to Motion of Secured Creditor for Order Granting Relief from the Automatic Stay as to Property Commonly Known as 1840 Massachusetts Ave., SE, Washington, DC 20003 ¶ 2). Plaintiff acknowledged that "[a]t some point JP Morgan Chase may have become the servicer (for collection of mortgage payments only) for Fremont Bank." *Id*. (parenthesis in original).  She claimed that she had "sufficient equity in my home to sell it after the November [presidential] election . . . without ending up completely penniless and homeless," *id*. ¶ 3, and listed "several [negative] things" she claimed would happen "if this court determines that JP Morgan Chase has established a proof of claim and . . . releases the automatic stay on my property, *id*. ¶ 4.

On September 4, 2008, the bankruptcy court conducted a hearing on Chase's motion for relief from the stay, at which plaintiff appeared *pro se* and testified about the equity she claimed to have had in the property.[4]  *See* Def.'s Mot., Ex. 7 (transcript of the proceeding).  On September 5, 2008, United States Bankruptcy Judge S. Martin Teel, Jr., issued an "Order Denying Motion for Relief from Automatic Stay Contingent on Debtor Scheduling Unsecured Claims in Case," based on plaintiff's representation at the hearing that she would "waive her

---

[4] *See In re Global One, LLC*, 411 B.R. 524, 526 (Bankr. S.D.Ga., 2009) (to succeed on a motion for relief from an automatic stay, the creditor has the "burden of showing there is no equity in [the] property.") (citing 11 U.S.C. § 362(g)).

right to exempt her real property to the extent necessary for the trustee to pay unsecured claims and administrative claims in the case." *Id*., Ex. 8. Judge Teel found that plaintiff had "established that there is equity in the real property, and assuming that she amends her schedules to include [her] unsecured debts, there would be reason for the trustee to sell the subject property in order to pay the unsecured claims." *Id*. at 1.  He stated that the order "may be vacated, and the motion for relief from the automatic stay granted," if plaintiff did not comply with the conditions of the order by September 19, 2008. *Id*. at 2.

On September 19, 2008, plaintiff filed a motion to reconsider the order with regard to her waiver of the right to exempt her real property.  Bankruptcy Dkt. # 52.  By Order entered on October 10, 2008, plaintiff's motion was granted and the order was vacated.  Bankruptcy Dkt. # 58. Consequently, Judge Teel issued an order, also entered on October 10, 2008, granting Chase's motion for relief from the stay, thereby allowing Chase "to proceed to a foreclosure sale of the subject property commonly known as 1840 Massachusetts Ave., S.E., Washington, DC 20003 more fully described in the Deed of Trust dated October 7, 2005[,] and recorded among the land records of said District."  Def.'s Mot., Ex. 9 at 2. Judge Teel found "that the Secured Creditor [Chase] is entitled to relief from operation of the Automatic Stay," and he "immediately modified [the Stay] as to [Chase]" and authorized "immediate[]" implementation and enforcement of the order.  *Id*.

## II.   DISCUSSION

Although plaintiff seeks $40,000 in the amended complaint, the amount in controversy, *i.e*., the outstanding balance on the loan secured by the subject property, is "more than $500,000." Mem. of  P. & A. in Supp. of Mot. By Chase to Dismiss Am. Compl. Pursuant to Rule 12(b)(6) ¶ 5.  The court is satisfied that it maintains subject matter jurisdiction over the

amended complaint to quiet title. *See* 28 U.S.C. § 1332 (conferring original jurisdiction in the federal district court over actions between parties of diverse citizenship involving $75,000 or more); Mem. Op. and Order (Mar. 21, 2011) at 4-6 (denying plaintiff's motion to remand based on damages claim "reduced . . . for the sole purpose of defeating federal jurisdiction.").

Under the doctrine of *res judicata*, a claim previously adjudicated on the merits by a court of competent jurisdiction is foreclosed from being relitigated in a new action. Specifically, "a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. U.S.*, 471 F.3d 186, 192 (D.C. Cir. 2006) (citations omitted).

Because *res judicata* "bars any further claim based on the same 'nucleus of facts' . . . .," *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984), it applies not only to claims that were raised but also to claims that "*could have been raised* in [the prior] action." *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (emphasis in original) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *see I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously"). Therefore, a party cannot escape application of the doctrine by raising a different legal theory or seeking a different remedy in the new action that was available to her in the prior action. *See Apotex, Inc. v. Food & Drug Admin.*, 393 F.3d 210, 217 (D.C. Cir. 2004) (observing that "simply raising a new legal theory . . . is precisely what is barred by *res judicata*.") (citations omitted); *U.S. Indus., Inc. v. Blake Constr. Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985) (adopting "the Restatement (Second) of Judgments' pragmatic, transactional approach," which "reflects a trend 'in the direction of requiring that a plaintiff present in one suit all the claims for relief that he

may have arising out of the same transaction or occurrence.'" (quoting 1B J. Moore, Moore's Federal Practice ¶ 0.410[1], at 359 (1983)) (other citation omitted).

The overarching issue of whether Chase had a valid claim in plaintiff's property to initiate foreclosure proceedings was necessarily decided by Judge Teel's order that relieved Chase of the automatic stay.  Any challenge to the validity of Chase's Proof of Claim could have – and should have -- been raised in the bankruptcy court.  The elements of same claim and same parties are present for *res judicata* purposes.  Therefore, this action is barred.

### III.  CONCLUSION

For the foregoing reasons, the court grants defendant's motion to dismiss under Rule 12(b)(6) on the ground of *res judicata*.  A separate order accompanies this Memorandum Opinion.

_____s/_____
AMY BERMAN JACKSON
United States District Judge

DATE:  December 7, 2011